# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 8, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PINE RIDGE COAL COMPANY, LLC,**
**Employer Below, Petitioner**

**vs.)   No. 12-1141** (BOR Appeal No. 2046972)
                    (Claim No. 2009068819)

**GENEIVE J. MOORE, WIDOW OF**
**JOHN D. MOORE (DECEASED),**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pine Ridge Coal Company, LLC, by Henry C. Bowen, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated August 27, 2012, in which the Board reversed a February 22, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 4, 2009, decision denying the request of Geneive J. Moore, widow of John D. Moore, for dependent's benefits based on her husband's occupational pneumoconiosis related death. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Moore worked as a coal miner for Pine Ridge Coal Company. After a nearly forty-year career working in the mines, Mr. Moore retired and filed an application for workers' compensation benefits based on exposure to the hazards of inhaling coal dust. Mr. Moore's claim was found compensable, and he was granted a permanent partial disability award based on his exposure. On April 14, 2008, Mr. Moore died. His death certificate listed the cause of death as

1

coronary artery disease with congestive heart failure, emphysema, and bronchopneumonia. Ho Huang Chang, M.D., then performed an autopsy on Mr. Moore and found that his death was due to coronary heart disease resulting in congestive heart failure. Dr. Chang also found that pneumoconiosis was one of the contributing factors in Mr. Moore's death. Mrs. Moore then filed an application for dependent's benefits based on her husband's death.

The Occupational Pneumoconiosis Board reviewed Mrs. Moore's claim and found that occupational pneumoconiosis was not a material contributing factor in Mr. Moore's death. The Occupational Pneumoconiosis Board found that radiographic evidence showed that Mr. Moore had parenchymal changes consistent with a minimal degree of pneumoconiosis. On September 4, 2009, the claims administrator denied Mrs. Moore's application for dependent's benefits based on the Occupational Pneumoconiosis Board's recommendation. Dominic Gaziano, M.D., then reviewed Mr. Moore's records and found that his pulmonary condition, brought on by coal dust exposure, prevented him from surviving his cardiac problems. Donald L. Rasmussen, M.D., also reviewed Mr. Moore's records and agreed that occupational pneumoconiosis was a material contributing factor in Mr. Moore's death. Stephen Bush, M.D., then reviewed Mr. Moore's records and found that a minimal amount of the lung parenchyma was affected by coal dust. Dr. Bush found that Mr. Moore's occupational pneumoconiosis was too limited to have caused, contributed to, or hastened his death. David Rosenberg, M.D., also reviewed Mr. Moore's records and found that he had a markedly decreased forced expiratory volume to forced vital capacity ($FEV_1/FVC$) ratio which was not consistent with airflow obstruction related to coal dust exposure. Dr. Rosenberg found that Mr. Moore's death was related to coronary insufficiency and that his pulmonary problems were related to smoking. The Occupational Pneumoconiosis Board then testified before the Office of Judges and repeated its findings that occupational pneumoconiosis did not contribute in any material degree to Mr. Moore's death. The Occupational Pneumoconiosis Board stated that Mr. Moore's death was related to coronary heart disease. On February 22, 2012, the Office of Judges affirmed the claims administrator's decision. But the Board of Review reversed the Order of the Office of Judges on August 27, 2012, and granted Mrs. Moore's request for dependent's benefits, leading Pine Ridge Coal Company to appeal.

The Office of Judges concluded that Mr. Moore's mild coal workers' pneumoconiosis did not contribute in any material degree to his death. In reaching this determination, the Office of Judges relied on Dr. Rosenberg's opinion. The Office of Judges found that Dr. Rosenberg's report showed that Mr. Moore had chronic obstructive pulmonary disease but he demonstrated that it was related to Mr. Moore's significant history of cigarette smoking. The Office of Judges further found that Dr. Rosenberg's report showed that Mr. Moore died from coronary insufficiency superimposed on smoking related chronic obstructive pulmonary disease. The Office of Judges determined that Dr. Rosenberg confirmed that Mr. Moore's mild pneumoconiosis did not cause, contribute to, or hasten his death. The Office of Judges noted that the Occupational Pneumoconiosis Board found that Dr. Rosenberg's report was particularly good. The Office of Judges considered the reports of Dr. Gaziano and Dr. Rasmussen but found that the Occupational Pneumoconiosis Board disagreed with their opinions.

The Board of Review then reversed the Order of the Office of Judges because it concluded that the decision of the Occupational Pneumoconiosis Board was clearly wrong in view of the reliable, probative, and substantial evidence on the whole record. The Board of Review found that occupational pneumoconiosis was a material contributing factor in Mr. Moore's death and that Mrs. Moore was entitled to dependent's benefits. The Board of Review based its decision on Dr. Chang's autopsy report which listed occupational pneumoconiosis as one of the contributing factors in Mr. Moore's death.

The decision of the Board of Review was based on a material mischaracterization of the significance of Dr. Chang's autopsy report. Although Dr. Chang found that occupational pneumoconiosis was one contributing factor in Mr. Moore's death, this finding alone does not rebut the findings of the Occupational Pneumoconiosis Board. In *Fenton Art Glass Co. v. West Virginia Office of Insurance Commissioner*, this Court held that the findings of the Occupational Pneumoconiosis Board should be accorded "considerable deference on medical matters related to the diagnosis and, if any, impairment related to occupational pneumoconiosis." 222 W. Va. 420, 431, 664 S.E.2d 761, 772 (2008). In this case, the Occupational Pneumoconiosis Board considered Mr. Moore's medical records including Dr. Chang's autopsy report but found that occupational pneumoconiosis was not a materially contributing factor in Mr. Moore's death. The Occupational Pneumoconiosis Board found that Mr. Moore died from coronary heart disease and further found that his autopsy showed only a minimal amount of pneumoconiosis. The Occupational Pneumoconiosis Board repeated this finding in a hearing before the Office of Judges, and its opinion was supported by the reports of Dr. Bush and Dr. Rosenberg. Mrs. Moore has not demonstrated that she is entitled to dependent's benefits based on her husband's death because the evidence in the record shows that occupational pneumoconiosis did not contribute in any material degree to Mr. Moore's death. *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991).

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded for decision reinstating the February 22, 2012, Order of the Office of Judges.

Reversed and Remanded.

**ISSUED:   April 8, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

3